Gary G. Colbath
First Assistant Federal Public Defender
188 W. Northern Lights Blvd. Suite 700
Anchorage, AK 99503
Phone: 907-646-3400
Email: gary_colbath@fd.org

*Attorney for Defendant Andrew Collins*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-238-JLT-SKO |
| Plaintiff, | Hon.  Sheila K. Oberto |
| | Date: |
| v. | Time: |
| | **DEFENDANT ANDREW COLLINS' NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS AS TO COUNT ONE OF THE THIRD SUPERSEDING INDICTMENT** |
| ANDREW COLLINS, | |
| Defendant. | |

PLEASE TAKE NOTICE that as soon as the matter may be heard in the Courtroom of the Honorable Sheila K. Oberto, the defendant ANDREW COLLINS, by and through his counsel, will move and hereby does move the Court for an order, pursuant to Federal Rule of Criminal Procedure 7(f), requiring the Government to provide a Bill of Particulars to give him sufficient notice of the Racketeering Conspiracy charged in Count One of the Superseding Indictment. Such a bill is necessary to permit him to prepare adequate defenses to that charge, avoid surprise at trial and allow him to assert his Fifth Amendment rights against Double Jeopardy should he not be convicted in this proceeding. This motion is based on the United

States Constitution, on the accompanying memorandum of points and authorities, and on such further argument as may be heard prior to and during the hearing on this motion.

**1. As to Count One: Conspiracy to Commit Racketeering, 18 U.S.C. § 1962 (d), Mr. Collins requests the following particulars. Please Specify:**

(a) the date and time when the claimed conspiratorial agreement occurred;

(b) the date and time when Mr. Collins actually joined the alleged conspiratorial agreement;

(c) the locations(s) where the asserted agreement was reached;

(d) the persons present when the agreement was reached;

(e) the form the supposed agreement took;

(f) any statements that demonstrate Mr. Collins' association or affiliation with the charged enterprise;

(g) all statements, criminal history reports, interview reports and other documentation of any kind related to witness Daniel Ruben;

(h) the precise words or conduct by which Mr. Collins ostensibly entered into such a conspiracy;

(i) where other than in the Eastern District of California the avowed conspiracy occurred;

(j) the names and addresses of all alleged co-conspirators not named in the Third Superseding Indictment who are described as "…others known and unknown…" on pages 7 and 13 of the Third Superseding Indictment;

(k) where, when and how the murders, robberies, extortions, kidnapping, and drug trafficking alleged on page 6 of the Third Superseding Indictment occurred;

(l) where, when and how the mail fraud and identity theft alleged on page 7 of the Third Superseding Indictment occurred;

(m) the names of and all reports of interviews of alleged identity theft victims;

(n) all amounts of alleged fraud linked to identify theft victims;

(o) Mr. Collins' alleged role in the conspiracy, including various periods of time, if the government alleges that his role changed over time;

(p) the acts which Mr. Collins allegedly committed during the course of the claimed conspiracy and who was present when he committed each such asserted act.

(q) any reports, interviews, or other documentation related to any purported act of Andrew Collins the government intends to admit at trial under Fed. R. Evid. 404(b).

**2. As to the Notice of Special Sentencing Factors as to Count One, Number 12, Conspiracy to Commit Murder of Victim 15, Mr. Collins requests the following particulars. Please Specify:**

(a) the date and time when the claimed conspiratorial agreement to kill actually occurred;

(b) the date and time when Mr. Collins' and the other named defendant actually joined in 6the conspiratorial agreement alleged;

(c) the location(s) where the asserted agreement to kill was reached;

(d) the persons present when the maintained agreement was reached;

(e) the form the supposed agreement took;

(f) all statements, interviews, records and documentation related to witness Daniel Ruben;

(g) the precise words or conduct by which Mr. Collins ostensibly entered into such a conspiracy to kill;

(h) where other than in the Eastern District of California the avowed conspiracy occurred as alleged in the Third Superseding Indictment;

(i) the names and addresses of all alleged co-conspirators not named in the Third Superseding Indictment who are described as "…others known and unknown…" on pages 7 and 13 of the Third Superseding Indictment;

(j) where, when and how the killing or murder alleged in pg. 7, ¶ "e" , line 19, of the Third Superseding Indictment occurred;

(k) all documentation, reports or information regarding R.H. including his entire CDRC file;

(l) Mr. Collins' alleged role in the conspiracy, including the various periods of time if the government alleges that his role changed over time;

(m) list the acts which Mr. Collins allegedly committed or participated in during the course of the claimed "conspiracy to commit murder" and who was present when he committed each such asserted act;

(n) where, when and how did the "malice aforethought" to kill or murder as alleged on page 13 of the Third Superseding Indictment manifest and occur, and specify the acts Mr. Collins allegedly committed or participated in.

This motion is made on the grounds that the Third Superseding Indictment in this action is so vague, overbroad and nonspecific, that it fails to provide ANDREW COLLINS with adequate notice of the nature of the charges against him which he must defend so as to prevent unfair

Dated: July 3, 2025

s/ Gary G. Colbath
Gary G. Colbath
First Assistant Federal Defender
*Attorney for Andrew Collins*

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES............................................. 8

INTRODUCTION ................................................................................................ 8

ARGUMENT ...................................................................................................... 11

   I.  A Bill of Particulars is Warranted When the Charging Language in an Indictment is too Vague to Allow a Defendant to Prepare His Defense........ 11

  II.  Count One Fails to Place Mr. Collins on Notice of the Contours of the Conspiracy or Conspiracies He is Alleged to Have Joined. ......................... 16

    A. The Allegations in the TSI are Vague and Overbroad.............................. 16

    B. There Are No Specifics Regarding Mr. Collin's Alleged Agreement to "Associate" with the Charged Enterprise: The Aryan Brotherhood......... 18

    C. Mr. Collins is Not Accused of Being Involved in the Majority of the AB Enterprise Activities................................................................................... 19

    D. The Conspiracy to Commit Murder Sentencing Factors Suffer The Same Defects...................................................................................................... 20

CONCLUSION................................................................................................... 22

# TABLE OF AUTHORITIES

*Cook v. United States*, 354 F.2d 529 (1965)..............................................................12

*Hamling v. United States*, 418 U.S. 87, (1974) ........................................................11

*Russell v. United States,* 369 U.S. 771 (1960)..........................................................13

*Smith v. United States*, 360 U.S. (1959) ....................................................................11

*United States v. Ayers*, 924 F. 2d (9th Circ. 1991)...............................................11, 12

*United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987)................................14, 15

*United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979) ......................................14, 21

*United States v. Cerna et al*, WHA, 2009 ...........................................11, 12, 19, 20

*United States v. Diaz*, 2007 (N.D. Cal. Nov. 20, 2007) .........................................14

*United States v. Gatto*, 746 F.Supp. 432 (D.N.J. 1990) ....................................21, 22

*United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979)............................................12

*United States v. James*, 980 F.2d 1314 (9th Cir. 1992)...........................................11

*United States v. Keith*, 605 F.2d 462 (9th Cir. 1979) ..............................................13

*United States v. Long*, 706 F.2d 1044 (9th Cir. 1983) ......................................12, 13

*United States v. Melvin*, 91 F.3d 1218 (9th Cir. 1996)............................................18

*United States v. Orozco*,108 F.R.D. 313 (S.D.Cal. 1985)........................................21

*United States v. Pheaster*, 544 F.2d 353 (9th Cir. 1976)........................................13

*United States v. Ramos*, 666 F.2d 469 (11th Cir. 1982)..........................................14

*United States v. Ryland*, 806 F.2d 941(9th Cir. 1986) ............................................13

*United States v. Schram*, 75 F.3d 156 (3rd Cir. 1996) ............................................14

*United States v. Taylor*, 707 F.Supp. 696 (S.D.N.J. 1989) ......................................21

*Wills v. United States*, 389 U.S. 90, (1967)..............................................................13

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **Introduction**

Mr. Collins is charged in a 13-count Third Superseding Indictment (hereafter "TSI") in this large multi-defendant RICO prosecution pending in this Court for over three years and is currently set for trial in April 2026. Mr. Collins is charged in a single count in the TSI.  He was first added to the case in June of last year.  Count 1 charges a RICO conspiracy pursuant to 18 USC § 1962(d), that is alleged to have begun at a time unknown but no later than in or around 2015 and continuing to at least or on or about March 1, 2023. TSI at ¶ 18. The pattern of racketeering alleged, and the means and methods of the conspiracy, incorporate by reference a variety of local and federal charges, including murder, robbery, extortion, drug trafficking and kidnapping. TSI at ¶ 18.

Mr. Collins is specifically implicated in two out of the twenty special factor allegations outlined in Count 1. These allegations are purportedly in furtherance of the criminal organization known as the Aryan Brotherhood (AB). Mr. Collins is accused of conspiracy to commit murder, and conspiracy to commit identity theft and mail fraud in furtherance of the AB's objectives. Special Sentencing Factor 12, "Conspiracy to Commit Murder" alleging a conspiracy to kill "with malice aforethought" Victim 15[1]. The remainder of the allegations in Count 1 of the TSI,

---

[1] Victim 15 is now known to the Collins' defense team and will be referred to as R.H.

Motion for Bill of Particulars                                                    Page 8
*United States v. Andrew Collins*

and the charged and uncharged so called "racketeering offenses" involve several of his co-defendants who face further charges such as murder, robbery, and drug trafficking. With the two exceptions of conspiracy to commit murder and conspiracy to commit fraud, there are no charged or uncharged overt acts that involve Mr. Collins.

The two allegations against Mr. Collins lack specificity regarding critical details such as how the conspiracy was orchestrated, where and when the alleged activities occurred, the nature of the agreement purportedly reached, and the specific fraudulent acts attributed to him. A co-defendant, Kenneth Johnson, has previously filed a motion for a bill of particulars, which was later denied by the Magistrate Judge. Since that time, the government produced tens of thousands of new items of discovery and filed a TSI. Despite the conduct of a trial involving four of the co-defendants and large additional discovery productions, Defendant Andrew Collins remains in the dark regarding most of the specific allegations alleged against him in the TSI. Thus, a bill of particulars is apparently his only avenue to learn about the actual accusations against him.

A bill of particulars is necessary and warranted because Mr. Collins is unable to discern from the face of the TSI and from the discovery provided and information made available during this case, important aspects of the nature of these allegations against him due to the Government's use of generalities which it couples with

passages of the relevant statutory language. For instance, the conspiracy to participate in a racketeering enterprise in Count One alleges Mr. Collins and Mr. Stinson and others engaged in pattern of racketing activity which included unlawfully, willfully, and intentionally conspiring to kill Victim 15 with malice aforethought. Based on the available information Mr. Collins does not have any information about how he alleged conspired to kill Victim 15, how the victim was actually killed, or any chain of events or communications which could tie Collins to the killing in any respect. The only thing that is clear and undisputed is that Collins and Victim 15 were located for years prior to Victim 15's death in separate prisons, including at the time of Victim 15's death.

The question of when and where Collins joined one or more of the charged conspiracies, or he and his alleged co-conspirators engaged in conspiring to commit murder, is information he must know in order to defend himself and it is information to which he is entitled. Without this crucial information, Collins will not be able to adequately prepare for trial in this complex case.

Mr. Collins request is well within the heartland of information that courts have agreed must be provided in a racketeering conspiracy case. Moreover, the need for the information is especially great here due to the approach the government has taken with respect to discovery, *i.e.*, that it will not reveal any statements by certain types of witnesses and is withholding large quantities of other material it claims must be

Motion for Bill of Particulars                                                    Page 10
*United States v. Andrew Collins*

protected from disclosure in what the government has described as a "witness case." Such notice is necessary and warranted to inform Collins of the nature of the charges with sufficient precision to enable him to prepare for trial, avoid or minimize the danger of unfair surprise at trial; and to protect him from double jeopardy. See, *United States v. Ayers*, 924 F. 2d 1468, 1483 (9th Circ. 1991); see also, *United States v.Cerna et al*, No. CR-08-730 WHA, 2009 U.S. Dist. LEXIS 133644 (N.D. Cal. September 16, 2009).

**ARGUMENT**

**I.    A Bill of Particulars is Warranted When the Charging Language in an Indictment is too Vague to Allow a Defendant to Prepare His Defense.**

An indictment is required to describe in plain, concise, and definite language the essential facts constituting the offense. See, generally, *United States v. James*, 980 F.2d 1314, 1316-1317 (9th Cir. 1992) cert. denied, 510 U.S. 838 (1993). The United States Supreme Court views the indictment process as a means of implementing the Fifth Amendment's command of protecting against oppressive and arbitrary criminal proceedings. See, generally, *Smith v. United States*, 360 U.S. 1, 9 (1959). The Supreme Court set out the prevailing test for the validity of an indictment in *Hamling v. United States*, 418 U.S. 87, 117 (1974), stating, an indictment ". . . is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Further, each count of an indictment must identify the statute or other provision of law an accused is alleged to have violated. *Id.* Where an indictment fails to provide sufficient information, a bill of particulars is available pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. Fed. R. Crim. Pro. 7(f). The decision whether to grant such a request is within the trial court's discretion. *Cerna*, supra (citing *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

"The purpose of a Bill of Particulars is to protect a defendant against a second prosecution for an inadequately described offense and enable him to prepare an adequate defense." *Cook v. United States*, 354 F.2d 529, 531 (1965); see also Fed. R. Crim. Pro. 7(f). Bills of Particulars serve three well-recognized and interrelated purposes: 1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare a defense for trial, 2) to avoid or minimize the danger of surprise at trial, and 3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. *Ayers*, 924 F.2d at 1483.

In determining if a Bill of Particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) cert denied, 444 U.S. 979. An indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge. *Russell v. United States*, 369 U.S. 771, 763, 768 n. 15, 771 (1960); *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979); *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976), cert. denied, 429 U.S. 1099 (1977). A motion for Bill of Particulars is appropriate where a defendant requires clarification in order to prepare a defense. *Wills v. United States*, 389 U.S. 90, 99 (1967); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). This is because a defendant is entitled to understand the basis for the government's case. *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) cert. denied, 481 U.S. 1057 (1987). Thus, the disclosure of discovery is an important consideration. Disclosure, however, favors granting the present motion because the government has consistently withheld, and continues to withhold, meaningful factual evidence from Collins. For instance, the government has previously cited witness security concerns which, even if, arguendo, are well-taken, could be addressed by measures far less draconian than refusals to provide discoverable materials, such as protective orders that are already in place. More significantly, now that the trial of four of the defendants in this matter has occurred, the identities of the government

witnesses are known, although much of their potential testimony specific to Collins remains unknown. Regardless, no security risks would be triggered by disclosures at this point that the prior trial did not already trigger. And of course, the reality here is that despite the trial, no witness safety issues have arisen.

Where a conspiracy is charged, the tracking of statutory language must provide precise allegations of the time and place of the criminal activity, and the names of the participants. *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982). Where multiple conspiracies are alleged, the Ninth Circuit has described the need for precision, requiring generally, a statement of what geography the conspiracies occurred in, the names of conspirators, and a description of the conspiratorial acts. See *United States v. Cecil*, 608 F.2d 1294, 1296-1297 (9th Cir. 1979); see also, *United States v. Schram*, 75 F.3d 156, 163-164 (3rd Cir. 1996).

Furthermore, on the point of adequate notice via the controlling indictment and other disclosures, a bill of particulars is often necessary to provide a defendant with notice of the basis of the charges in an indictment and of the theory of the Government's case even if it has complied with its mandated discovery obligations. See, *United States v. Diaz*, 2007 WL 94169973, *5 (N.D. Cal. Nov. 20, 2007) ("Merely referring to a range of several hundred pages (or thousands in some cases) in discovery is not an informative outline ... First, too much is left to guess work. Notice means notice. It does not mean a scavenger hunt for clues in discovery,

Motion for Bill of Particulars                                          Page 14
*United States v. Andrew Collins*

including redacted pages"). See also, *United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2nd. Cir. 1987), in which the appellants' convictions were reversed and remanded upon finding that a bill of particulars was "vital to appellants' understanding of the charges and to preparation of a defense," but denied by the court below. Here, the government has engaged in nothing more than a responsive pattern of "we have provided discovery" or "it's in the materials already provided" response to defense demands for specific notice or information without ever identifying particular evidence actually material to Collins' charges.

The Court of Appeals has explained that "[t]he Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged." *Id.* at 575. By forcing the defendants in *Bortnovsky* to explain the circumstances surrounding numerous actual burglaries and to confront numerous documents unrelated to the charges, the Court found that "[i]n effect, the burden of proof impermissibly was shifted to appellants." *Id.*

In the past three and a half years the government has produced hundreds of thousands of pages of discovery, countless hours of wiretapped phone calls, geolocation data and other information. The volume and complexity of the discovery materials necessitates critical time and effort to navigate effectively. The sheer

quantity of documents has required training sessions to simply comprehend how to efficiently even access and utilize the information contained within disclosures. The defense team has dedicated hours exclusively to meetings with trainers to just understand the discovery navigation process and even more hours with the staff of the coordinating discovery attorney's office to try to even get a handle on the universe of what the discovery entails. While this work is informative, Collins' defense team still has no streamlined approach to manage the extensive volume of documents and recordings. As a result, counsel continues to expend significant time and resources attempting to navigate the discovery without achieving the desired efficiency.

## II.    Count One Fails to Place Mr. Collins on Notice of the Contours of the Conspiracy or Conspiracies He is Alleged to Have Joined.

### A.    The Allegations in the TSI are Vague and Overbroad.

Count 1 accuses Mr. Collins of conspiring with John Stinson, Kenneth Johnson, Francis Clement, Jayson Weaver, Waylon Pitchford, Brandon Bannick, Evan Perkins, Kenneth Bash and Derek Smith to conduct the affairs of the Aryan Brotherhood. The language is virtually identical to that of other RICO cases and alleges vaguely that these co-conspirators "together with others known and unknown" are alleged to be either "employed by and associated with" the charged enterprise, AB. This group of defendants is alleged to have agreed on an unknown date, at an unknown time and in an unknown location that each conspirator "would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise." TSI at ¶ 19.

Motion for Bill of Particulars                                        Page 16
*United States v. Andrew Collins*

The TSI further alleges vaguely that in furtherance of this conspiracy, and in order to "effectuate" its objects, "the defendants and their co-conspirators, in various combinations, directly and indirectly, in the State, the Eastern District of California and elsewhere committed overt acts, designated as special sentencing factors. *Id.* There are twenty such overt acts listed in the TSI, two of which accuse Andrew Collins. TSI at ¶ 20 a-t. One of these overt acts "e" is an alleged conspiracy to commit murder the of Victim 15 beginning no later than on or about March 1, 2020 and continuing to on or about April 30, 2020. TSI ¶ 20 (e). The only other act alleged to have involved Andrew Collins is overt act "d" which is vaguely worded as mail fraud and identity theft to obtain money from the California Employment Development Department (EDD) and "others" sometime between March 2020 and March 2023. TSI ¶ 20 (d).

5      These broad allegations are plainly facially insufficient as they lack key details, such as the where, when and who regarding the conduct. Perhaps most importantly, there is no allegation regarding the government's theory of how, when, or why Andrew Collins became "employed or associated" with the AB prior to the commission of such acts. Essentially, the government's position is that if it alleges Collins of being associated with AB, then he must have agreed to conduct the affairs of the enterprise. But the mere allegation of an association does not address any of the

Motion for Bill of Particulars                                              Page 17
*United States v. Andrew Collins*

specifics such as the nature of the agreement, who was part of the agreement, or when the agreement was made.

**B.    There are No Specifics Regarding Mr. Collin's Alleged Agreement to "Associate" with the Charged Enterprise: The Aryan Brotherhood.**

There are several problems with the vague allegations of Count 1. First, there is no specific information in the TSI about when and where and, importantly, specifically with whom Collins allegedly agreed to conduct the affairs of the Aryan brotherhood (the defined "enterprise"). The charging document provides nothing other than the supposed agreement to conduct the affairs of an entity which allegedly occurred sometime between 2015 and present.

Collins must be placed on notice of when this conspiratorial agreement is alleged to have started and with whom he agreed. He must also be given notice of the substance of that agreement, including the extent of his involvement in the affairs of the AB and his understanding of its purposes and objectives in order to defend against this charge. This is of course because under fundamental principles of conspiracy law, it is not enough for the government to claim that individuals simply met, discussed matters of common interest, or even acted in similar ways. See e.g., *United States v. Melvin*, 91 F.3d 1218, 1224 (9th Cir. 1996). Under well-established conspiracy law principles in order to prove the existence of any conspiracy count at trial, the government must prove that there was an actual plan or agreement to commit at least

one of the crimes alleged in the TSI as an object of the conspiracy, with unanimity as to the particular crime the conspirators agreed to commit.

There is a need for specificity given the circumstances here: What is the government's theory as to what Collins would achieve by committing crimes for the charged enterprise? What was his purpose? If the government alleges Mr. Collin's involvement or affiliation with AB beyond the conspiracy contained in Count 1 of the TSI and in the Special Sentencing Factors, it must provide Collins with notice of its theory.

**C.    Mr. Collins is Not Accused of Being Involved in the Majority of the AB Enterprise Activities.**

Collins is not tied to any of the murders, robberies, kidnappings, extortion, drug trafficking or other conduct alleged as part of the charged special sentencing factors or listed as purposes of the enterprise save for the two overt acts discussed above. Given his apparent lack of involvement in the conduct alleged by the government as providing the substance of the racketeering enterprise, Collins is left with little information to inform him of the precise nature of the charges.

Even if this Court were to be persuaded by the government's claim that a *Pinkerton* instruction applies here- which Collins disputes- Collins must still be placed on notice of sufficient facts such that the objects of the Count 1 conspiracy would be foreseeable to him. As currently charged, it utterly fails to do so. As Judge Alsup explained in *Cerna*, "[u]nder the Pinkerton doctrine, once a defendant joins a

conspiracy, he or she is potentially liable for the actions of other defendants in furtherance of the conspiracy. Without knowing when they are alleged to have joined each conspiracy, defendants cannot know the universe of conduct against which they must prepare a defense." *Cerna*, supra, at *12-13.

### D.    The Conspiracy to Commit Murder Sentencing Factors Suffer the Same Defects.

As to the "Special Sentencing Factor Number 12: Conspiracy to Commit Murder" there are no details provided other than the formulaic language used in every RICO case prosecuted in this district that "on a date unknown to the Grand Jury but no later than on or about March 1, 2020 and continuing to on or about April 30, 2020" the defendants agreed with each other and other "known and unknown" individuals, to commit murder "with malice aforethought" of Victim 15. TSI at 13. These broad allegations provide little, if any, notice to Collins  as to his involvement in any agreement to kill Victim 15. When did Collins agree to kill Victim 15? With whom did he agree? What was his alleged motivation for doing so? His motivation of course is part of the government's burden at trial.

Although the defense has become aware that Victim 15 is an individual named R.H., the government has provided no discovery whatsoever regarding his actual murder.  The indictment merely lists co-defendant John Stinson as well as others "known and unknown" as being involved yet neither Collins nor Stinson were at the prison R.H. was housed at when murdered. The government has provided no

Motion for Bill of Particulars                                          Page 20
*United States v. Andrew Collins*

discovery regarding how R.H. was murdered, who perpetrated the murder, the circumstances of the murder or the investigation that followed. Clearly if CDCR records demonstrate other reasons or justifications for whoever killed R.H. to commit that crime, those records are exculpatory to Collins and must be provided. Without disclosure of the evidence surrounding the alleged murder, Collins has no way of defending such allegation. Without disclosure of such materials Collins is not placed on notice of these "known" individuals, and the date and location of this alleged agreement to kill Victim 15. If the government knows the identities of the co-conspirators, it should not be permitted to withhold that information from Collins.

It is well-settled that a defendant is entitled to a bill of particulars naming all persons known or alleged by the government to have been co-conspirators and setting forth the dates and locations of all events charged. See *United States v. Gatto*, 746 F.Supp. 432, 477 (D.N.J. 1990); *United States v. Taylor*, 707 F.Supp. 696, 699-700 (S.D.N.J. 1989); *United States v. Orozco*,108 F.R.D. 313, 318-319 (S.D.Cal. 1985); see also *Cecil*, 608 F.2d. at 1296. In *Gatto*, although the indictment specified dates and locations and the defense had already been provided with a list of seventy-six alleged coconspirators, the court ordered the government to provide further particulars as follows: "To the extent the indictment alleges that 'others' were involved, the government must specify who the 'others' are … Additionally … [t]he government … must provide precise dates and locations of the alleged acts. The allegations in the

Motion for Bill of Particulars                                                    Page 21
*United States v. Andrew Collins*

indictment that events occurred elsewhere are insufficient…" *Gatto*, 746 F. Supp. at 477.

**CONCLUSION**

The vague manner in which Count 1 is charged does not provide Collins sufficient notice of the charges against him, nor does it afford him a fair opportunity to prepare his defense or provide grounds to plead a bar to a subsequent prosecution. The problems with the indictment are compounded by the lack of access to meaningful discovery, including the extensive *Jencks* materials provided to the co-defendants that have already gone to trial that was not made available to Collins' defense team, and the limited materials that counsel cannot discuss with Collins. This Court should order the government to provide the particulars requested above and provide an articulation of the conspiracies in a manner that provides notice to Collins of what theories the government intends to actually pursue at trial.

Dated this 3rd day of July, 2025.

s/ Gary G. Colbath
Gary G. Colbath
First Assistant Federal Public Defender
*Attorney for Andrew Collins*

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the Eastern District of California by using the district's CM/ECF system on July 3, 2025. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
/s/ Gary G. Colbath